**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-1358**

_____

SAN FRANCISCO OVEN, LLC,

Plaintiff - Appellant,

versus

FRANSMART, INCORPORATED; FRANSMART, LLC;
DANIEL A. ROWE,

Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. Gerald Bruce Lee, District
Judge. (1:05-cv-00700-GBL)

_____

Argued: January 31, 2007                Decided: March 9, 2007

_____

Before WILKINS, Chief Judge, and WILLIAMS and DUNCAN, Circuit
Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ARGUED:** Peter R. Silverman, SHUMAKER, LOOP & KENDRICK, Toledo,
Ohio, for Appellant. R. Scott Caulkins, LECLAIR RYAN, Alexandria,
Virginia, for Appellees. **ON BRIEF:** Leslie V. Heenan, LECLAIR RYAN,
Alexandria, Virginia; George E. Kostel, REED SMITH, L.L.P., Falls
Church, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

San Francisco Oven, LLC ("SFO") appeals district court orders dismissing its Lanham Act claim against Fransmart, LLC; Fransmart, Incorporated; and Daniel A. Rowe (collectively, "Fransmart"), and awarding attorneys' fees to Fransmart. Finding no reversible error, we affirm.

I.

SFO, a franchisor of fast-casual brick oven pizza restaurants, contracted with Fransmart, a franchise consultant, to perform sales and consulting services. A dispute arose between the parties concerning the amount of compensation owed to Fransmart and other issues.

SFO brought this action alleging breach of contract and various tort claims; the sole jurisdictional basis alleged was diversity of citizenship. SFO's complaint sought, inter alia, preliminary and permanent injunctive relief.[1] Fransmart moved to dismiss on the ground that the parties were not diverse and therefore the district court lacked subject matter jurisdiction. Before the court ruled on this motion, SFO amended its complaint to add a false advertising claim under the Lanham Act, see 15 U.S.C.A.

---

[1]The contracts between SFO and Fransmart required that all disputes, except claims for injunctive relief, be resolved by arbitration. As a result, certain damages claims arising from the parties' dispute were excluded from this litigation and resolved in a separate arbitration proceeding.

§ 1125(a)(1)(B) (West 1998); this claim was based largely on the same facts alleged in the original complaint. As is relevant here, the Lanham Act claim alleges that, on its website, Fransmart (1) recommended an attorney who could provide franchise-related legal services but failed to disclose that the attorney also represented Fransmart; (2) advertised a software product called "Franchise in a Box" while knowing that it could not provide this product; and (3) advertised another restaurant franchise, Z-Pizza, as a fast-casual brick oven pizza restaurant even though it offered neither fast-casual dining nor brick oven pizza.

In response to SFO's amended complaint, Fransmart amended its motion to dismiss to also seek dismissal of the Lanham Act claim. The district court determined that most of SFO's allegations, including those involving the attorney conflict of interest and Franchise in a Box, failed to state a claim under the Lanham Act. The court concluded, however, that the allegations regarding Z-Pizza did state a Lanham Act claim and therefore that federal question jurisdiction existed.

After a hearing, the district court denied SFO's motion for a preliminary injunction. Fransmart then moved to dismiss, or for summary judgment on, SFO's remaining claims. The district court granted summary judgment to Fransmart on SFO's Lanham Act claim

concerning Z-Pizza.[2]  The court concluded that SFO had "failed to produce evidence that it suffered 'actual' or even 'probable' injury as a result of any alleged misrepresentations about ... Z-Pizza[] appearing on Fransmart's website."  J.A. 669-70.  The court cited testimony by SFO's chief executive officer conceding that no potential franchisee had refused to do business with SFO because of any misrepresentation on Fransmart's website.

Following the grant of summary judgment, Fransmart moved for an award of $127,972.50 in attorneys' fees for its defense of SFO's Lanham Act claim.  SFO opposed the motion, arguing that attorneys' fees were not warranted and that the billing records submitted by Fransmart did not support a fee award in the amount sought.  The district court agreed with Fransmart that this was an "exceptional case" warranting the imposition of attorneys' fees.  Id. at 880; see 15 U.S.C.A. § 1117(a) (West Supp. 2006).  The court found that SFO had brought the Lanham Act claim in bad faith, solely to avoid an impending dismissal for lack of subject matter jurisdiction. The court further emphasized that SFO had pursued the claim without any substantial factual or legal basis to support it. Recognizing, however, that the fee award should be limited to work performed in connection with the Lanham Act claim, the district court concluded--based on its review of the materials submitted by the

---

[2]The court dismissed or remanded each of the other remaining claims.  Those claims are not at issue in this appeal.

parties--that the requested fee award should be reduced.  The court thus awarded Fransmart $117,000 in attorneys' fees.

## II.

In its opening appellate brief, SFO raised various arguments challenging the dismissal of its Lanham Act claim.  At oral argument, however, SFO clarified that it is raising only one issue concerning the merits of this claim.  SFO contends that in granting summary judgment to Fransmart, the district court failed to specifically address SFO's request for a permanent injunction.  SFO argues that to be entitled to a permanent injunction, it did not need to present evidence of actual damages but only evidence of a likelihood of harm.  As SFO's counsel conceded at oral argument, however, SFO first raised this argument in its reply brief.  We therefore do not consider it.[3]  See Washington v. Wilmore, 407 F.3d 274, 280 n.6 (4th Cir. 2005).

## III.

SFO also challenges the award of attorneys' fees to Fransmart for its defense of the Lanham Act claim.  SFO contends that no fee

---

[3]Even if we were to consider this argument, we would conclude that it lacks merit.  The district court properly determined that SFO had produced evidence of neither actual nor likely harm resulting from the statements about Z-Pizza on Fransmart's website. See Scotts Co. v. United Indus. Corp., 315 F.3d 264, 272 (4th Cir. 2002) (explaining that "a plaintiff asserting a false advertising claim under the Lanham Act must establish that ... [it] has been or is likely to be injured as a result of the misrepresentation" (internal quotation marks omitted)).

award was justified here and, alternatively, that the attorney time records submitted by Fransmart did not support the $117,000 fee award by the district court.

We review the award of attorneys' fees by the district court for abuse of discretion. See Ale House Mgmt., Inc. v. Raleigh Ale House, Inc., 205 F.3d 137, 144 (4th Cir. 2000). The Lanham Act permits an award of reasonable attorneys' fees to the prevailing party in "exceptional cases." 15 U.S.C.A. § 1117(a). Under this standard, a prevailing defendant such as Fransmart may recover fees based on "a showing of something less than bad faith." Ale House, 205 F.3d at 144 (internal quotation marks omitted). Relevant considerations include "economic coercion, groundless arguments, and failure to cite controlling law." Id. (internal quotation marks & alteration omitted).

We conclude that the district court did not abuse its discretion in awarding attorneys' fees to Fransmart. In particular, the record supports the findings by the district court that SFO brought the Lanham Act claim solely to avoid a dismissal for lack of subject matter jurisdiction and that it pursued this claim without any factual or legal support.

We also conclude that the district court did not abuse its discretion in determining the amount of the fee award. Although the district court did not discuss in detail its rationale for awarding $117,000 in fees, the record indicates that it reviewed

6

the submissions by the parties--including the time records and billing rates submitted by Fransmart--and concluded that the requested fee award should be reduced by approximately $11,000. In so doing, the court specifically recognized that the fee award should be limited to work performed in connection with the Lanham Act claim. Based on the record, we cannot say that the calculation of fees by the district court was unreasonable.

IV.

For the reasons set forth above, we affirm the judgment of the district court.

AFFIRMED

7